**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JULIAN BENITEZ-BORJA,

      Plaintiff,

                              CASE NO.:

vs.

AMS INC., a Florida Profit Corporation

      Defendant.    /

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JULIAN BENITEZ-BORJA, ("Plaintiff"), hereby files this Complaint against Defendant, AMS INC., ("AMS"), a Florida Profit Corporation, ("Defendant"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant resides and regularly conducts business in this judicial district.

**PARTIES**

4. At all times material to this action, Plaintiff was a resident of Polk County,

Florida.

5. At all times material to this action, Defendant AMS, INC. was, and continues to be, engaged in business in Florida, doing business in Broward County.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material to this action, AMS was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant AMS was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, telephones, and materials used in roofing services.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

13. Beginning in or about 1997, and continuing through May 2019, Defendants employed Plaintiff as a non-exempt, piece rate paid employee, working at Defendant's

company.

14. Plaintiff's duties included going to the shop every day to clean and load the truck, installing roofing projects, and throwing trash away.

15. Plaintiff was paid a piece rate.

16. Plaintiff worked for Defendant in excess of forty (40) hours within one or more workweeks.

17. From the beginning of his employment through May 2019, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

18. Plaintiff was paid only his regular rate, with no overtime premiums, for overtime hours.

19. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

20. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

21. Defendant has violated Title 29 U.S.C. § 207 from at least 1997 to May 2019, in that:[1]

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks during their periods of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half

---

[1] Plaintiff can only recover for the three year period preceding this lawsuit. However, Defendants have violated the law throughout his employment.

        times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek; and

    c.    Defendant has failed to maintain proper time records as mandated by the FLSA.

22.    Upon information and belief, Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew, or should have known with reasonable diligence, that payment of overtime premiums for all hours over forty (40) worked in each workweek was required. Specifically, Defendant has been sued multiple times in the past for similar violations of the FLSA, including within the last year, but appears not to have changed any of its practices.

23.    Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

24.    Plaintiff re-alleges paragraphs 1 through 23 of the Complaint, as if fully set forth herein.

25.    From the beginning of his employment through May 2019, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

26.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

27.    Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

28.    Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

29.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

30.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 16th day of June 2020.

Respectfully submitted,

_____
Angeli Murthy, Esq., B.C.S.
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
8151 Peters Rd, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268 Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*